JUDGE STEIN

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael N. Litrownik
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

Jennifer L. Liu
1 Embarcadero Center, Suite 3860
San Francisco, California 94111
Telephone: (212) 638-8800
Facsimile: (646) 509-2092

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* application forthcoming)
Paolo Meireles (*pro hac vice* application forthcoming)
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

14 CV 1937

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA MILLS, RHONDA JONES, LAUREL MARTIN, WILLIAM SCOTT-SELGADO, KRISTEN SMITH, BRAD SALAZAR, VERONICA SANDOVAL-WANG, and JEAN ALONGE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | CLASS AND COLLECTIVE ACTION COMPLAINT |



Plaintiffs, individually and on behalf of all others similarly situated, by their attorneys, Outten & Golden LLP and Shavitz Law Group, P.A., upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who have worked as Assistant Branch Managers ("ABMs") for Capital One, N.A. ("Capital One" or "Defendant") in the United States.

2.      Capital One owns and operates approximately 1,000 bank branches in various states across the United States.

3.      Capital One employs ABMs in its branches to perform operations, customer service, sales and other non-exempt duties.

4.      Because Capital One's branches are structurally understaffed with hourly employees, ABMs spend the vast majority of their working time performing the same sales and customer service duties as non-exempt, hourly tellers and personal bankers.

5.      Throughout the relevant period, it has been Capital One's nationwide policy to uniformly classify ABMs as exempt from federal and state overtime provisions and not to pay ABMs any overtime wages.

6.      Notwithstanding the fact that Capital One classifies them as exempt, the primary duties of ABMs are non-exempt: performing operations work, such as routine audits of teller drawers, the ATM, and the vault; generating and printing routine reports; acting as floaters for bank tellers and personal bankers; and performing customer service tasks.  The primary duties of ABMs do not vary significantly from one Capital One branch to another throughout the United States.

7.      The primary duties of ABMs do not fall under any of the exemptions under federal or state overtime laws.

8.      Capital One regularly requires ABMs to work in excess of 40 hours per week. However, because Capital One classifies ABMs as exempt, it fails to pay them any overtime compensation for these hours worked over 40 in a work week.

9.     By the conduct described in this Class and Collective Action Complaint, Capital One has violated the Fair Labor Standards Act ("FLSA"), as well as various state labor laws, by failing to pay ABMs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

10.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Capital One who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Capital One that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

11.     Plaintiff Patricia Mills (the "New York Plaintiff") also brings this action on behalf of herself and all similarly situated current and former employees of Capital One who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

12.     Plaintiff Rhonda Jones, Laurel Martin, and William Scott-Selgado (the "New Jersey Plaintiffs") also bring this action on behalf of themselves and all similarly situated current and former employees of Capital One who worked in New Jersey pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a *et seq.*

13.     Plaintiff Brad Salazar, Kristen Smith, Veronica Sandoval-Wang, and Jean Alonge (the "Maryland Plaintiffs") also bring this action on behalf of themselves and all similarly situated current and former employees of Capital One who worked in Maryland pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Maryland Wage and Hour Law,

Md. Code, Lab & Empl. §§ 3-401, *et seq.* and the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. §§ 3-501 *et seq.*, (collectively, the "Maryland Wage Laws").

## THE PARTIES

### *Plaintiffs*

### *Patricia Mills*

14.     Plaintiff Patricia Mills is an adult individual who is a resident of Brooklyn, New York.

15.     Mills was employed by Capital One from approximately October 2008 to October 2010 as an ABM at a Capital One branch located in New York City.

16.     Mills regularly worked more than 40 hours per week.

17.     Mills is a covered employee within the meaning of the FLSA and NYLL.

18.     A written consent form for Mills is attached hereto as Exhibit A.

### *Rhonda Jones*

19.     Plaintiff Rhonda Jones is an adult individual who is a resident of Vauxhall, New Jersey.

20.     Jones was employed by Capital One from approximately April 2001 to December 2011. From approximately May 2009 to December 2011, she worked as an ABM at the Capital One North Springfield Avenue branch, located in Newark, New Jersey.

21.     Jones regularly worked more than 40 hours per week.

22.     Jones is a covered employee within the meaning of the FLSA and NJWHL.

23.     A written consent form for Jones is attached hereto as Exhibit B.

**Laurel Martin**

24.     Plaintiff Laurel Martin is an adult individual who is a resident of Clifton, New Jersey.

25.     Martin was employed by Capital One from 2006 to approximately May 2012 as an ABM at the Clifton branch, located in Clifton, New Jersey.

26.     Martin regularly worked more than 40 hours per week.

27.     Martin is a covered employee within the meaning of the FLSA and NJWHL.

28.     A written consent form for Martin is attached hereto as Exhibit C.

**William Scott-Selgado**

29.     Plaintiff William Scott-Selgado is an adult individual who is a resident of Clifton, New Jersey.

30.     Scott-Selgado was employed by Capital One from approximately December 2007 to June 2012.  While at Capital One, he worked as an ABM at a branch located in Whippany, New Jersey from approximately April 2011 to June 2012.

31.     Scott-Selgado regularly worked more than 40 hours per week.

32.     Scott-Selgado is a covered employee within the meaning of the FLSA and NJWHL.

33.     A written consent form for Scott-Selgado is attached hereto as Exhibit D.

**Kristen Smith**

34.     Plaintiff Kristen Smith is an adult individual who is a resident of Crofton, Maryland.

35.     Smith was employed by Capital One from approximately January 2011 to May 2012.  From approximately January 2011 to March 2011, she worked as an ABM in the Capital One Columbia Square branch, located in Washington, D.C.  In March 2011, Smith was transferred

to the 24th and M Street branch, located in Washington, D.C. and worked as an ABM there until approximately June 2011.  Smith worked as an ABM at the Swan Creek Road branch, located in Fort Washington, Maryland from approximately June 2011 to August 2011.  Smith then worked as ABM at the 24th and M Street branch, located in Washington, D.C. from approximately August 2011 to May 2012.

36.     Smith's primary job duties did not change when she moved from branch to branch.

37.     Smith regularly worked more than 40 hours per week.

38.     Smith is a covered employee within the meaning of the FLSA and the Maryland Wage Laws.

39.     A written consent form for Smith is attached hereto as Exhibit E.

**Brad Salazar**

40.     Plaintiff Brad Salazar is an adult individual who is a resident of Silver Spring, Maryland.

41.     Salazar was employed by Capital One from approximately August 2005 to April 2012.  While at Capital One, Salazar worked as an ABM at the Central branch, located in Rockville, Maryland from sometime in 2010 to approximately August 2011.  Salazar was transferred to the Cabin John branch in Potomac, Maryland in August 2011 and worked there as an ABM until April 2012.

42.     Salazar regularly worked more than 40 hours per week.

43.     Salazar's primary job duties did not change when he moved from branch to branch.

44.     Salazar is a covered employee within the meaning of the FLSA and the Maryland Wage Laws.

45.     A written consent form for Salazar is attached hereto as Exhibit F.

**Jean Alonge**

46.     Plaintiff Jean Alonge is an adult individual who is a resident of Perry Hall, Maryland.

47.     Alonge was employed by Capital One as an ABM at a branch located in Baltimore, Maryland from approximately April 2005 to August 2011.

48.     Alonge regularly worked more than 40 hours per week.

49.     Alonge is a covered employee within the meaning of the FLSA and the Maryland Wage Laws.

50.     A written consent form for Alonge is attached hereto as Exhibit G.

**Veronica Sandoval-Wang**

51.     Plaintiff Veronica Sandoval-Wang is an adult individual who is a resident of Clarksburg, Maryland.

52.     Sandoval-Wang was employed by Capital One as an ABM at a branch located in Rockville, Maryland from approximately September 2011 to April 2012.

53.     Sandoval-Wang regularly worked more than 40 hours per week.

54.     Sandoval-Wang is a covered employee within the meaning of the FLSA and the Maryland Wage Laws.

55.     A written consent form for Sandoval-Wang is attached hereto as Exhibit H.

**<u>Defendant</u>**

**Capital One N.A.**

56.     Capital One, N.A. is a National Association, organized and existing under the laws of Washington, DC, with corporate headquarters in Tysons Corner, Virginia.

57.     Throughout the relevant period, Capital One, N.A. employed Plaintiffs and similarly situated employees within the meaning of the FLSA, NYLL, NJWHL, and Maryland Wage Laws.  Capital One, N.A. has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

58.     Capital One, N.A. is a covered employer within the meaning of the FLSA, NYLL, NJWHL, and Maryland Wage Laws, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

59.     At all times relevant, Capital One, N.A. maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

60.     Capital One, N.A. applies the same employment policies, practices, and procedures to all ABMs.

61.     At all times relevant, Capital One, N.A.'s annual gross volume of sales made or business done was not less than $500,000.

62.     Capital One, N.A. is the entity listed on Plaintiffs' paystubs and W-2s.

## JURISDICTION AND VENUE

63.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

64.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

65.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

66.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §

1391(b)(1) because the Defendant resides in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

67.     Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Capital One as ABMs at any branch location in the United States, on or after March 7, 2011, who elect to opt-in to this action (the "FLSA Collective").

68.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Capital One, and/or Capital One has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

69.     As part of its regular business practice, Capital One has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

    a.     willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b.     willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c.     willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Capital One.

70.     Capital One is aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

71.     Plaintiffs and the FLSA Collective all perform or performed the same primary duty.

72.     Capital One's unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

***The New York Class***

73.     The New York Plaintiff brings the Second Cause of Action, the NYLL claim, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all ABMs who work or have worked at any branch location in New York State between March 7, 2008 and the date of final judgment in this matter (the "New York Class").

74.     Excluded from the New York Class are Capital One, Capital One's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Capital One; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

75.     The members of the New York Class are so numerous that joinder of all members is impracticable.

76.     Upon information and belief, the size of the New York Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Capital One.

77.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

     a.     whether Capital One  violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

     b.     whether Capital One failed to compensate New York Plaintiff and the New York Class for hours worked in excess of 40 hours per workweek;

     c.     whether Capital One misclassified New York Plaintiff and members of the New York Class;

     d.     whether Capital One failed to keep true and accurate time and pay records

for all hours worked by New York Plaintiff and the New York Class, and other records required by the NYLL;

e.  whether Capital One's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

f.  the nature and extent of class-wide injury and the measure of damages for those injuries.

78.  The claims of the New York Plaintiff are typical of the claims of the New York Class they seek to represent. The New York Plaintiff and all members of the New York Class work, or have worked, for Capital One as ABMs in New York State. The New York Plaintiff and members of the New York Class enjoy the same statutory rights under the NYLL to be paid overtime wages. The New York Plaintiff and members of the New York Class have all sustained similar types of damages as a result of Capital One's failure to comply with the NYLL. The New York Plaintiff and the members of the New York Class have all been injured in that they have been uncompensated or under-compensated due to Capital One's common policies, practices, and patterns of conduct.

79.  The New York Plaintiff will fairly and adequately represent and protect the interests of the members of the New York Class. The New York Plaintiff understands that as a class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. The New York Plaintiff recognizes that as a class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests. The New York Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the interests of the class. The New York Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. The New York Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel,

and testify at deposition and/or trial. The New York Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the New York Plaintiff and the New York Class members.

80.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the New York Class have been damaged and are entitled to recovery as a result of Capital One's violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Capital One's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Capital One to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Capital One's practices.

81.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

***The New Jersey Class***

82.     The New Jersey Plaintiffs bring the Third Cause of Action, the NJWHL claim, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all ABMs who work or have worked at any branch location in New Jersey at any time between March 7, 2012 and the date of final judgment in this matter (the "New Jersey Class").

83.     Excluded from the New Jersey Class are Capital One, Capital One's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Capital One; the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

84.     The members of the New Jersey Class are so numerous that joinder of all members is impracticable.

85.     Upon information and belief, the size of the New Jersey Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Capital One.

86.     Capital One has acted or has refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

87.     Common questions of law and fact exist as to the New Jersey Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

      a.     whether Capital One violated the NJWHL;

      b.     whether Capital One failed to compensate the New Jersey Plaintiffs and the New Jersey Class for hours worked in excess of 40 hours per workweek;

      c.     whether Capital One misclassified the New Jersey Plaintiffs and members of the New Jersey Class;

      d.     whether Capital One failed to keep true and accurate time and pay records for all hours worked by the New Jersey Plaintiffs and the New Jersey Class, and other records required by the NJWHL;

      e.     whether Capital One's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

      f.     the nature and extent of class-wide injury and the measure of damages for those injuries.

88.     The claims of the New Jersey Plaintiffs are typical of the claims of the New Jersey

Class they seek to represent.  The New Jersey Plaintiffs and all members of the New Jersey Class work, or have worked, for Capital One as ABMs in New Jersey state.  The New Jersey Plaintiffs, and members of the New Jersey Class, enjoy the same statutory rights under the NJWHL to be paid overtime wages.  The New Jersey Plaintiffs and members of the New Jersey Class have all sustained similar types of damages as a result of Capital One's failure to comply with the NJWHL. The New Jersey Plaintiffs and the members of the New Jersey Class have all been injured in that they have been uncompensated or under-compensated due to Capital One's common policies, practices, and patterns of conduct.

89.     The New Jersey Plaintiffs will fairly and adequately represent and protect the interests of the members of the New Jersey Class.  The New Jersey Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent their interests fairly and adequately.  The New Jersey Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  The New Jersey Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the interests of the class.  The New Jersey Plaintiffs recognizes that any resolution of a class action must be in the best interest of the class.  The New Jersey Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. The New Jersey Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the New Jersey Plaintiffs and the New Jersey Class members.

90.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the New Jersey Class have been damaged and are

entitled to recovery as a result of Capital One's violation of the NJWHL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New Jersey Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Capital One's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Capital One to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Capital One's practices.

91. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

***The Maryland Class***

92. The Maryland Plaintiffs bring the Fourth Cause of Action, the Maryland Wage Laws Claim, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all ABMs who work or have worked at any branch location in Maryland at any time between March 7, 2012, and the date of final judgment in this matter (the "Maryland Class").

93. Excluded from the Maryland Class are Capital One, Capital One's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Capital One; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Maryland Class.

94. The members of the Maryland Class are so numerous that joinder of all members

is impracticable.

95.    Upon information and belief, the size of the Maryland Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Capital One.

96.    Capital One has acted or has refused to act on grounds generally applicable to the Maryland Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Maryland Class as a whole.

97.    The Fourth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Maryland Class that predominate over any questions solely affecting individual members of the Maryland Class, including but not limited to:

    a.   whether Capital One failed to keep true and accurate time records for all hours worked by the Maryland Plaintiffs and the Maryland Class;

    b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c.   whether Capital One failed and/or refused to pay the Maryland Plaintiffs and the Maryland Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the Maryland Wage and Hour Law, Md. Code Lab. & Empl. §§ 3-401, *et seq.* and the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. §§ 3-501 *et seq.*;

    d.   the nature and extent of Maryland Class-wide injury and the appropriate measure of damages for the Maryland Class;

    e.   whether Capital One has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and Maryland Wage Laws; and

    f.   whether Capital One's policy of misclassifying workers was done willfully or with reckless disregard of the statute.

98.    The claims of the Maryland Plaintiffs are typical of the claims of the Maryland

Class they seek to represent.  The Maryland Plaintiffs and the Maryland Class Members work or have worked for Capital One and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  Capital One acted and refused to act on grounds generally applicable to the Maryland Class, thereby making declaratory relief with respect to the Maryland Class appropriate.

99.     The Maryland Plaintiffs will fairly and adequately represent and protect the interests of the Maryland Class.  The Maryland Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Maryland Class to represent its interests fairly and adequately.  The Maryland Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Maryland Class just as they would represent and consider their own interests.  The Maryland Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Maryland Class.  The Maryland Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Maryland Class.  The Maryland Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

100.     The Maryland Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

101.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a

lawsuit in federal court against a corporate defendant. The members of the Maryland Class have

been damaged and are entitled to recovery as a result of Capital One's common and uniform

policies, practices, and procedures. Although the relative damages suffered by individual

members of the Maryland Class are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation. In addition, class treatment is

superior because it will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments about Capital One's practices.

102.    This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

103.    Throughout their employment with Capital One, Plaintiffs and the members of the

FLSA Collective, the New York Class, the New Jersey Class, and the Maryland Class (collectively

"Class Members") consistently worked more than 40 hours per week.

104.    Capital One was aware that Plaintiffs and the Class Members worked more than 40

hours per workweek, yet Capital One failed to pay them any overtime compensation for any of the

hours worked over 40 in a workweek

105.    Capital One did not keep accurate records of hours worked by Plaintiffs. That is,

Plaintiffs' hours are not recorded on pay stubs, and Plaintiffs were never required to clock in or

out, or otherwise record their time.

106.    Plaintiffs' and the Class Members' primary duty was not management.

107.    Plaintiffs' and the Class Members' primary duties were non-exempt duties and

included performing the same sales and customer service duties of the hourly-paid, non-exempt

bank tellers and personal bankers, and doing operations work, such as conducting routine audits and

reporting. Plaintiffs and Class Members spent the vast majority of their time performing these non-exempt duties. These duties are the same as the duties performed by the hourly-paid tellers and personal bankers, who are classified by Capital One as non-exempt.

108.     Plaintiffs and the Class Members were closely supervised by their branch managers and their regional managers. Branch managers were responsible for the overall performance of the branches and for coaching and developing bank employees.

109.     Plaintiffs and the Class Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Capital One, as well as state and federal banking regulations. Plaintiffs and the Class Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

110.     Plaintiffs and the Class Members did not have authority (a) to create or implement management policies, practices, and procedures for Capital One; (b) to commit Capital One in matters having significant financial impact; (c) to set employees' wages; (d) to determine how many labor hours could be allocated to their branch; or (e) to hire, fire, or promote employees.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

111.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

112.     Capital One has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

113.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

114.    At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

115.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Capital One.

116.    Capital One is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

117.    At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

118.    Capital One has failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

119.    Capital One's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.  Capital One has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

120.    Because Capital One's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

121.    As a result of Capital One's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

122.    As a result of the unlawful acts of Capital One, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (Brought on behalf of the New York Plaintiff and the New York Class)

123.    The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

124.    Capital One engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

125.    At all times relevant, the New York Plaintiff and members of the New York Class have been employees and Capital One has been their employer within the meaning of the NYLL.

126.    The New York Plaintiff and the New York Class members are covered by the NYLL.

127.    Capital One employed the New York Plaintiff and members of the New York Class as an employer.

128.    Capital One has failed to pay the New York Plaintiff and the members of the New York Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

129.    Capital One failed to pay the New York Plaintiff and members of the New York Class overtime at a wage rate of one and one-half times their regular rate of pay.

130.    Capital One failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Plaintiff and members of the New York Class.

131.    Capital One's violations of the NYLL, as described in this Class and Collective Action Complaint, have been willful and intentional.

132.    Due to Capital One's violations of the NYLL, the New York Plaintiff and the members of the New York Class are entitled to recover from Capital One unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New Jersey Wage and Hour Law – Unpaid Overtime Wages**
**(Brought on behalf of the New Jersey Plaintiffs and the New Jersey Class)**

133.    The New Jersey Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

134.    Capital One has engaged in a widespread pattern, policy, or practice of violating the NJWHL, as detailed in this Class and Collective Action Complaint.

135.    At all times relevant the New Jersey Plaintiffs and the members of the New Jersey Class have been employees and Capital One has been employers within the meaning of the NJWHL.  The New Jersey Plaintiffs and the members of the New Jersey Class are covered by the NJWHL.

136.    Capital One employed the New Jersey Plaintiffs and the New Jersey Class members as an employer and/or a joint employer.

137.    Capital One failed to pay the New Jersey Plaintiffs and the members of the New Jersey Class wages to which they are entitled under the NJWHL.  Capital One failed to pay the New Jersey Plaintiffs for all hours worked.  Capital One failed to pay the New Jersey Plaintiffs and the members of the New Jersey Class for overtime at a wage rate of one and one-half times their regular rate of pay.  Capital One failed to pay the New Jersey Plaintiffs and the New Jersey Class members overtime at wage rate of one and one-half times the basic minimum hourly rate.

138.    Capital One failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New Jersey Plaintiffs and the New Jersey Class members.

139.    Capital One's violations of the NJWHL, as described in this Class and Collective Action Complaint, have been willful and intentional.

140.    Due to Capital One's violations of the NJWHL, the New Jersey Plaintiffs and the members of the New Jersey Class are entitled to recover from Capital One their unpaid wages (including overtime wages) and reasonable attorneys' fees and costs of the action.

### FOURTH CAUSE OF ACTION
### Maryland Wage Laws
### (Brought on behalf of the Maryland Plaintiffs and the Maryland Class Members)

141.    The Maryland Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

142.    Capital One is an employer covered by the overtime pay mandates of the Maryland Wage Laws.

143.    The Maryland Plaintiffs and the Maryland Class are employees entitled to the protections of the Maryland Wage Laws.

144.    The Maryland Wage Laws entitle employees to overtime compensation "of at least 1.5 times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* Md. Code Lab. & Empl. § 3-415.

145.    Capital One violated the Maryland Wage Laws by failing to compensate the Maryland Plaintiffs and the Maryland Class for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate the Maryland Plaintiffs and the Maryland Class based upon the overtime premium pay rate of one and one-half times their regular hourly pay rate.

- 23 -

146.     In violating the Maryland Wage Laws, Capital One acted willfully and with reckless disregard of clearly applicable provisions of the Maryland Wage Laws.

147.     Due to Capital One's violations of the Maryland Wage Laws, the Maryland Plaintiffs and members of the Maryland Class are entitled to recover from Capital One three times their unpaid wages and reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the state law claims;

D.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.     Designation of each named Plaintiff as Class Representative as to their respective classes, reasonable service awards for each named Plaintiff, and their counsel of record as Class Counsel;

F.     Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under appropriate state law;

G.      Pre-judgment interest and post-judgment interest as provided by law;

H.      Appropriate equitable and injunctive relief to remedy violations, including but not

necessarily limited to an order enjoining Capital One from continuing its unlawful practices;

I.      Attorneys' fees and costs of the action;

J.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York
       March 19, 2014

Respectfully submitted,

_____
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael N. Litrownik
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

Jennifer L. Liu
1 Embarcadero Center, Suite 3860
San Francisco, California 94111
Telephone: (212) 638-8800

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* application
       forthcoming)
Paolo Meireles  (*pro hac vice* application
       forthcoming)
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888

*Attorneys for Plaintiffs and the Putative Class and
Collective*

- 25 -

# Exhibit A

## CONSENT TO JOIN FORM

1.       I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s),
CAPITAL ONE _____ , and/or related entities and individuals in order to seek redress
for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.       I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such
claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be
bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.       I also consent to join any other related action against Defendant(s) or other
potentially responsible parties to assert my claim and for this Consent Form to be filed in any
such action.

_____
Signature

_____
Print Name
PATRICIA MILLS

# Exhibit B

## CONSENT TO JOIN FORM

1.     I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), CAPITAL ONE , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

_____
Print Name

# Exhibit C

# CONSENT TO JOIN FORM

     1.     I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), <u>CAPITAL ONE</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

     2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

     3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

_____
Print Name

# Exhibit D

**CONSENT TO JOIN FORM**

1.     I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), CAPITAL ONE _____, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

William D Scott-Salgado
_____
Print Name

# Exhibit E

## CONSENT TO JOIN FORM

1.      I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s),
Capital Cue Inc. , and/or related entities and individuals in order to seek redress
for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such
claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be
bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other
potentially responsible parties to assert my claim and for this Consent Form to be filed in any
such action.

_____
Signature

Kristen Michelle Smith
Print Name

# Exhibit F

## CONSENT TO JOIN FORM

1.      I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s),
CAPITAL ONE                , and/or related entities and individuals in order to seek redress
for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such
claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be
bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other
potentially responsible parties to assert my claim and for this Consent Form to be filed in any
such action.

_____
Signature

_____
Print Name
Brad Salazar

# Exhibit G

## CONSENT TO JOIN FORM

     1.     I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), CAPITAL ONE _____ , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

     2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

     3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

_____
Print Name

# Exhibit H

## CONSENT TO JOIN FORM

1.     I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), CAPITAL ONE _____ , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

VERONICA SANDOVAL-WANG
Print Name