# Exhibit A

**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA MILLS, RHONDA JONES, LAUREL MARTIN, WILLIAM SCOTT-SELGADO, KRISTEN SMITH, BRAD SALAZAR, VERONICA SANDOVAL-WANG, and JEAN ALONGE, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br> -against-<br><br>CAPITAL ONE, N.A.,<br><br>      Defendant. | No. 14 Civ. 1937 (SHS) (HP) |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT**

On _____, the Court heard an unopposed motion for preliminary approval of a settlement of a putative class and collective action by PATRICIA MILLS, RHONDA JONES, LAUREL MARTIN, WILLIAM SCOTT-SELGADO, KRISTEN SMITH, BRAD SALAZAR, VERONICA SANDOVAL-WANG, and JEAN ALONGE (collectively referred to as "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendant CAPITAL ONE, N.A. ("Defendant" or "Capital One"). The Court has considered the Joint Stipulation of Settlement and Release ("Stipulation"), and its attached exhibits, and the Declarations of Justin M. Swartz ("Swartz Decl.") and Gregg I. Shavitz ("Shavitz Decl."), and hereby finds and orders as follows:

**I. Provisional Approval of Settlement**

 1. Unless otherwise defined herein, all terms used in this order (the "Preliminary

Approval Order") will have the same meaning as defined in the Stipulation.

2. The Court finds on a preliminary basis that the settlement memorialized in the Stipulation, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n-E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980); *Clem v. Keybank, N.A.*, No. 13 Civ. 789, 2014 WL 1265909, at *1 (S.D.N.Y. Mar. 27, 2014); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

3. The Court finds that the Stipulation is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *Clem*, 2014 WL 2895918, at *4-5.

4. The assistance of an experienced class action mediator, Michael E. Dickstein, reinforces that the Stipulation is non-collusive. *Palacio v. E*Trade Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (granting preliminary approval to settlement that resulted from mediation overseen by Michael E. Dickstein); *Westerfield v. Wash. Mut. Bank*, No. 06 Civ. 2817, 2009 WL 6490084, at *1 (E.D.N.Y. June 26, 2009) (same).

5. The Court grants preliminary approval of the parties' Stipulation.

II. **Certification of the Proposed Rule 23 Classes For Settlement Purposes Only**

6. Provisional settlement, class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Stipulation, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting

practical purposes of provisionally certifying settlement class); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

7.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), the following Rule 23 classes:

(A)  A New York class consisting of all individuals who were employed by Defendant in one of the following job titles: Assistant Branch Manager, Assistant Branch Manager I, Assistant Branch Manager II, Assistant Branch Manager III, Assistant Branch Operations Manager, or Assistant Branch Sales Manager (collectively, "Assistant Branch Managers") in the State of New York from March 7, 2008 through July 7, 2014.

(B)  A New Jersey class consisting of all individuals who were employed as Assistant Branch Managers by Defendant in the State of New Jersey from March 7, 2012 through July 7, 2014.

(C)  A Maryland Class consisting of all individuals who were employed as Assistant Branch Managers by Defendant in the State of Maryland from March 7, 2011 through July 7, 2014.

8.  The Court appoints, for settlement purposes only, Plaintiffs Patricia Mills, Rhonda Jones, Laurel Martin, William Scott-Selgado, Kristen Smith, Brad Salazar, Veronica Sandoval-Wang and Jean Alonge as Class Representatives; Plaintiff Patricia Mills as representative of the New York Class, Plaintiffs Veronica Sandoval-Wang, Kristen Smith, and Jean Alonge as representatives of the Maryland Class, and Plaintiffs Rhonda Jones, Laurel

Martin, William Scott-Selgado, and Brad Salazar as representatives of the New Jersey class.

9. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

### III. Appointment of Plaintiffs' Counsel as Class Counsel

10. For settlement purposes only, the Court appoints Outten & Golden LLP ("O&G") and Shavitz Law Group, P.A. ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g). *See Clem*, 2014 WL 1265909, at *5 (appointing O&G and Shavitz Law Group, P.A. as plaintiffs' counsel) (citing *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, … counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, … counsel's knowledge of the applicable law, and … the resources counsel will commit to representing the class") (internal quotation marks omitted)); *Yuzary*, 2013 WL 1832181, at *4-5 (same).

11. Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

12. O&G attorneys "have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 473 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Clem*, 2014 WL 1265909 at *5 (appointing O&G and Shavitz Law Group as class counsel); *Yuzary*, 2013 WL 1832181 at *4 (finding O&G and Shavitz Law Group experienced and adequate to serve as class counsel). Likewise, the Shavitz Law Group has acted as lead counsel or co-counsel on dozens of wage and

hour class and collective actions.  *See, e.g.*, *Clem*, 2014 WL 1265909 at *5; *Yuzary*, 2013 WL 5492998 at *4; *Beckman*, 293 F.R.D. at 473; *Palacio,* 2012 WL 1058409 at *2 (S.D.N.Y. Mar. 12, 2012) (appointing O&G and Shavitz Law Group as class counsel based on their experience in "numerous wage and hour class and collective actions").

13. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV. Notice**

14. The Court approves Rust Consulting, Inc. as the Settlement Claims Administrator to perform duties in accordance with Sections 2 and 3 of the Stipulation.

15. The Court finds that the procedures for notifying the Rule 23 Class and FLSA Class about the Settlement as described in the Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs the mailing of the Notices in accordance with the Stipulation.

16. The Court approves, as to form and content, the Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing, attached to the Stipulation as Exhibit B, and Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing, attached to the Stipulation as Exhibit C (collectively, the "Proposed Notices").  The Settlement Claims Administrator is authorized to mail those documents, after they are updated with the appropriate dates and deadlines consistent with the Stipulation, to the applicable Class Members as provided in the Stipulation.

17. The Proposed Notices satisfy Federal Rule of Civil Procedure 23(c)(2)(B) and adequately put Class Members on notice of the proposed settlement.  *See In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the

terms of the settlement generally"). The Proposed Notices are appropriate because they describe the terms of the settlement, inform the classes about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing. *Id* at 60-4.; *see also Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2010 WL 5509089, at *3-4 (E.D.N.Y. Nov. 29, 2010).

18. Any written objection to the settlement by a Rule 23 Class Member who has not opted-out must be filed with this Court no later than thirty (30) days after the Class Notice is mailed to the Rule 23 Class Members by the Settlement Claims Administrator, and no later than sixty (60) days from the date of this Order.

## V. Class Action Settlement Procedure

19. The Court hereby adopts the settlement approval process as set forth in the Stipulation.

20. In the event that the Effective Date as defined in the Stipulation does not occur, the Settlement and the Stipulation shall be deemed null and void and shall have no effect whatsoever, other than the publicity provisions in Paragraph 5.14, and the non-admission provisions in Paragraph 4.3, which shall remain in effect. In such case, nothing in the Stipulation or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

21. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Plaintiffs and all Class Members and anyone acting on behalf of any Class Member shall be barred and enjoined from: (a) further litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding against Capital

One in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

22. The parties are ordered to carry out the Settlement according to the terms of the Stipulation.

23. Defendant will not be required to respond to the Complaint unless the Settlement is not finally approved. In such event, the parties will confer and propose a date for such response.

24. The Court will conduct a Fairness and Good Faith Determination Hearing on _____, 2014 at _____ a.m./p.m. for the purposes of: (a) making a final determination of the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and enhancement awards to the Plaintiffs and Service Award Plaintiffs; (c) hearing any timely and properly filed objections; and (d) entering Judgment. The Fairness and Good Faith Determination Hearing may be continued without further notice to Class Members. The Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and enhancement awards on or before _____, 2014.

**IT IS SO ORDERED**.

Dated: _____, 2014                    _____
                                                Hon. Henry Pitman
                                                United States Magistrate Judge